UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GOTTLIEB & GOTTLIEB, P.A.,

       Plaintiff,

v.                      Case No.: 8:14-cv-895-T-33MAP

DOCTOR R. CRANTS,

       Defendant.
_____/

**ORDER**

This matter comes before the Court on Plaintiff Gottlieb & Gottlieb, P.A.'s Motion for Summary Judgment (Doc. # 53), filed on August 31, 2015. Defendant Doctor R. Crants filed a response on September 30, 2015. (Doc. # 54). Gottlieb & Gottlieb filed a reply on October 14, 2015. (Doc. # 58). The Motion for Summary Judgment is ripe for review and, for the reasons stated herein, the Court grants the Motion.

I.    **Background**

Gottlieb & Gottlieb is a Florida professional association; Jerry Gottlieb and Richard Gottlieb are the shareholders of Gottlieb & Gottlieb. (Doc. # 53 at 21, ¶ 2). Jerry and Richard, non-parties to this action, are shareholders and members of the board of directors for LCS Corrections, a private prison company, also a non-party. (Id.

1

at ¶¶ 3-4). On August 1, 2011, the board of directors of LCS Corrections voted to appoint Crants and two of his associates to LCS Corrections' board of directors. (Id. at ¶ 8). On January 27, 2014, LCS Corrections terminated Crants as a member of the board of directors (Id.).

During Crants' tenure on LCS Corrections' board of directors, 20 promissory notes were issued by Crants, as maker, to Gottlieb & Gottlieb, as payee. (Doc. # 2 at 42-61). The table below summarizes the promissory notes.

| Exhibit | Date | Principal | Interest Rate (annual) | Maker | Payee | Payable |
|---------|------|-----------|------------------------|-------|-------|---------|
| B | 8/2/2011 | $250,000.00 | 5% | Crants | Gottlieb & Gottlieb | On Demand |
| C | 1/1/2012 | $175,000.00 | 5% | Crants | Gottlieb & Gottlieb | On Demand |
| D | 2/1/2012 | $100,000.00 | 5% | Crants | Gottlieb & Gottlieb | On Demand |
| E | 3/1/2012 | $75,000.00 | 5% | Crants | Gottlieb & Gottlieb | On Demand |
| F | 4/1/2012 | $45,000.00 | 5% | Crants | Gottlieb & Gottlieb | On Demand |
| G | 5/1/2012 | $75,000.00 | 5% | Crants | Gottlieb & Gottlieb | On Demand |
| H | 6/15/2012 | $60,000.00 | 5% | Crants | Gottlieb & Gottlieb | On Demand |
| I | 7/25/2012 | $40,000.00 | 5% | Crants | Gottlieb & Gottlieb | On Demand |
| J | 9/7/2012 | $50,000.00 | 5% | Crants | Gottlieb & Gottlieb | On Demand |
| K | 11/1/2012 | $60,000.00 | 5% | Crants | Gottlieb & Gottlieb | On Demand |
| L | 12/12/2012 | $50,000.00 | 5% | Crants | Gottlieb & Gottlieb | On Demand |
| M | 12/31/2012 | $39,995.89 | 5% | Crants | Gottlieb & Gottlieb | On Demand |
| N | 2/1/2013 | $60,000.00 | 5% | Crants | Gottlieb & Gottlieb | On Demand |
| O | 3/15/2013 | $60,000.00 | 5% | Crants | Gottlieb & Gottlieb | On Demand |
| P | 4/22/2013 | $60,000.00 | 5% | Crants | Gottlieb & Gottlieb | On Demand |
| Q | 6/10/2013 | $60,000.00 | 5% | Crants | Gottlieb & Gottlieb | On Demand |
| R | 8/1/2013 | $60,000.00 | 5% | Crants | Gottlieb & Gottlieb | On Demand |
| S | 9/25/2013 | $60,000.00 | 5% | Crants | Gottlieb & Gottlieb | On Demand |
| T | 10/21/2013 | $60,000.00 | 5% | Crants | Gottlieb & Gottlieb | On Demand |
| U | 12/12/2013 | $60,000.00 | 5% | Crants | Gottlieb & Gottlieb | On Demand |

As to every promissory note, Crants admitted the note is "a true and genuine copy of a promissory note dated [the particular date evidenced on that note], in the amount of [the particular amount evidenced on that note], by defendant [i.e., Crants], as maker, in favor of Gottlieb & Gottlieb . . ., as payee." (Doc. # 35-3 at 53-62). Crants further admitted that each promissory note bears his signature. (Id.). In addition, Crants admitted he executed and delivered the notes in return for his receipt of the value stated on the respective notes. (Id.). On January 27, 2014, Jerry Gottlieb, on behalf of Gottlieb & Gottlieb, demanded payment of the promissory notes. (Doc. ## 2 at 20; 53 at 21, ¶ 9). The promissory notes are now overdue. (Doc. # 53 at 21, ¶ 9).

Gottlieb & Gottlieb originally filed this action in the Sixth Judicial Circuit, in and for Pinellas County, Florida, on March 24, 2014. (Doc. ## 1, 1-1). Crants thereafter removed to this Court on the basis of diversity jurisdiction. (Doc. # 1). In Paragraph 6 of the Complaint, Gottlieb & Gottlieb alleges that "[a]ll conditions precedent to the institution and maintenance of this action have been performed or have occurred." (Doc. # 2 at ¶ 6). Paragraph 6 is then reincorporated into each count of the Complaint. (Id. at ¶¶

3

8, 16, 24, 32, 40, 48, 56, 64, 72, 80, 88, 96, 104, 112, 120, 128, 136, 144, 152, 160).

Crants' Answer denied Paragraph 6 by stating, "Mr. Crants denies the allegation contained in Paragraph 6 of the Complaint." (Doc. # 12 at ¶ 6). This denial is reincorporated into each response to each count. (Id. at ¶¶ 8, 16, 24, 32, 40, 48, 56, 64, 72, 80, 88, 96, 104, 112, 120, 128, 136, 144, 152, 160). Furthermore, Crants' Third Defense reads, "Plaintiff's claims are barred by the nonperformance of a condition precedent." (Id. at 20).

Gottlieb & Gottlieb now moves for summary judgment. For the reasons that follow, the Court grants the Motion.

## II.  **Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving

party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995) (citing Celotex, 477 U.S. at 324).

If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder evaluating the evidence could draw more than one

inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment. <u>Samples ex rel. Samples v. City of Atlanta</u>, 846 F.2d 1328, 1330 (11th Cir. 1988) (citing <u>Augusta Iron & Steel Works, Inc. v. Emp'rs Ins. of Wausau</u>, 835 F.2d 855, 856 (11th Cir. 1988)). However, if the non-movant's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only proper, but required. <u>Morris v. Ross</u>, 663 F.2d 1032, 1034 (11th Cir. 1981).

## III. <u>Discussion</u>

### A.   <u>The Pleadings</u>

#### 1.   <u>Denials under Rule 9(c)</u>

"In responding to a pleading, a party must . . . admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(B). If a party states that it lacks knowledge or information sufficient to form a belief about the truth of an allegation, such statement is in effect a denial. Fed. R. Civ. P. 8(b)(5). Furthermore, "when denying that a condition precedent has occurred or been performed, a party must do so with particularity." Fed. R. Civ. P. 9(c).

If a party disagrees as to whether a condition precedent has been met, "that party may raise the issue with a specific

and particular denial. If the party does not deny the satisfaction of the condition[] precedent specifically and with particularity, however, the allegations are assumed admitted and cannot later be attacked." Jackson v. Seaboard Coast Line R.R. Co., 678 F.2d 992, 1009 (11th Cir. 1982). Admissions in a pleading bind a party. Cooper v. Meridian Yachts, Ltd., 575 F.3d 1151, 1177-78 (11th Cir. 2009).

Although Rules 8 and 9 address issues related to pleading, Associated Mechanical Contractors, Inc. v. Martin K. Eby Const. Co., Inc., held that a party may raise the specific denial of performance of conditions precedent in a motion for summary judgment. 271 F.3d 1309, 1317 (11th Cir. 2001). But, in Keybank National Assocation v. Hamrick, the court concluded that a party waived an affirmative defense by raising the defense in response to a motion for summary judgment, rather than pleading the affirmative defense in an answer. 576 Fed. Appx. 884, 888 (11th Cir. 2014). So, a party may deny the occurrence of a condition precedent with particularity in its answer or motion for summary judgment, but not in response to a motion for summary judgment.

Courts, however, have excused technical noncompliance with Rule 9(c)'s requirements. See Myers v. Cen. Fla. Invs., 592 F.3d 1201, 1224-25 (11th Cir 2010). In Myers, a Title VII

case, the complaint alleged "[p]laintiff received her Notice of Right to Sue letter . . . within 90 days before filing this action, and has otherwise fulfilled all conditions precedent to institution of this action." 592 F.3d at 1224. The defendants' denial stated, "[d]efendants deny the allegations contained in paragraph 9 . . . ." Id. The court determined this denial to be "as general as a denial can be" and, therefore, insufficient under Rule 9(c). Id.

The defendants' affirmative defenses stated, "[p]laintiff failed to exhaust all administrative remedies and thus cannot obtain relief pursuant to Title VII or the Florida Civil Rights Act, Chapter 760 [and] [p]laintiff did not exercise her right to sue or to file her EEOC Complaint within the time prescribed by the statute." Id. According to the court, even though denials are distinct from affirmative defenses, the defendants satisfied the requirements of Rule 9(c) because the averments "state[d] which particular condition precedent they claim[ed] [plaintiff] failed to fulfill . . . and the reason for the failure . . . ." Id.

In contrast, the court in Shedrick v. District Board of Trustees of Miami-Dade College found a generally pled denial and affirmative defense insufficient. 941 F. Supp. 2d 1348, 1363 (S.D. Fla. 2013). The defendant generally denied the

8

plaintiff's allegation that all conditions precedent had occurred, based on defendant's lack of knowledge. Id. at 1364. Pleading lack of knowledge "has the effect of a denial." Fed. R. Civ. P. 8(b)(5). The defendant also pled an affirmative defense that stated "[p]laintiffs have failed to comply with the conditions precedent to the filing of the subject lawsuit, and as such, their claims are barred." Id. The court found defendant's general denial and "generic" affirmative defense insufficient under Rule 9(c), because neither discussed the particulars of the condition precedent at issue. Id. at 1364. The court ultimately found that no waiver occurred, but that was because the defendant later raised the specific denial of performance of a condition precedent in its own motion for summary judgment. Id.

Here, Crants did not specifically and particularly plead his denial. Paragraph 6 of the Complaint alleges that "[a]ll conditions precedent to the institution and maintenance of this action have been performed or have occurred." (Doc. # 2 at ¶ 6). Paragraph 6 is reincorporated into each count. (Id. at ¶¶ 8, 16, 24, 32, 40, 48, 56, 64, 72, 80, 88, 96, 104, 112, 120, 128, 136, 144, 152, 160). This general allegation is sufficient under Rule 9(c).

As to Crants' Answer, Paragraph 6 is where Crants denies Gottlieb & Gottlieb's allegation as to condition precedents. (Doc. # 12 at ¶ 6). Paragraph 6 of the Answer is reincorporated into each count. (<u>Id.</u> at ¶¶ 8, 16, 24, 32, 40, 48, 56, 64, 72, 80, 88, 96, 104, 112, 120, 128, 136, 144, 152, 160). Paragraph 6 of the Answer reads: "Mr. Crants denies the allegations contained in Paragraph 6 of the Complaint." (<u>Id.</u> at ¶ 6). This denial is substantively the same as the denial in <u>Myers</u>, which read: "[d]efendants deny the allegations contained in paragraph 9 of the [p]laintiff's [s]econd [a]mended [c]omplaint." <u>Myers</u>, 592 F.3d at 1224. Thus, as in <u>Myers</u>, where the court determined the denial to be "as general as a denial can be" and insufficient under Rule 9(c), Crants' denial is as general as can be and therefore insufficient under Rule 9(c)'s particularity requirement.

Crants' Third Defense is also too general to excuse his noncompliance with Rule 9(c). The Third Defense reads, "Plaintiff's claims are barred by the nonperformance of a condition precedent." (Doc. # 12 at 20). Unlike the affirmative defenses in <u>Myers</u>, which stated the particular condition precedent at issue and how it failed to occur, Crants' Third Defense does not state the particular condition

precedent Gottlieb & Gottlieb purportedly failed to fulfill or the reason for the failure. Rather, as in Shedrick, where the affirmative defense was found to be "generic" and insufficient to excuse the defendant's noncompliance with Rule 9(c) because it did not discuss the particulars of the condition precedent at issue, Crants' Third Defense is insufficient to excuse his noncompliance with Rule 9(c). The Third Defense generally avers some condition precedent failed to occur; to be sure, Crants has not pled what the condition precedent is or how it failed to occur. Thus, Crants' general denial in Paragraph 6, even when read with the generic Third Defense, is not sufficiently particular under Rule 9(c).

In addition, Crants did not avail himself of Rule 15(a)(2) or Rule 16(b)(4), despite having almost a year and five months to amend his pleading before Gottlieb & Gottlieb served its motion for summary judgment. Furthermore, Crants did not plead his denial of the performance of conditions precedent with particularity in a later-filed motion for summary judgment. Therefore, Associated Mechanical Contractors, which held that a party may raise the specific denial of performance of conditions precedent in a motion for summary judgment, 271 F.3d at 1317, offers no relief for Crants. Cf. Keybank Nat'l Ass'n, 576 Fed. Appx. at 888

(holding that party waived affirmative defense by raising it in response to a motion for summary judgment, rather than pleading it in an answer).

In sum, Crants' denial in Paragraph 6 does not meet the particularity requirements of Rule 9(c). Further, Crants' Third Defense does not state the particulars of——or even which——condition precedent is at issue such that Crants' noncompliance with Rule 9(c) might be excused. In addition, Crants did not raise his denial with particularity in a later-filed motion for summary judgment, nor did Crants seek to amend his Answer despite having well over a year to do so. Therefore, under <u>Jackson</u>, Crants is deemed to have admitted Gottlieb & Gottlieb's allegation as to condition precedents and cannot now attack such admission.

### 2.   **Conditional Delivery**

Even assuming for the sake of argument that Crants' archetypally generic denial was sufficient under the heightened pleading requirements of Rule 9(c), which applies to denials of conditions precedent, the Court still finds that summary judgment should be granted in favor of Gottlieb & Gottlieb.

In diversity actions, a district court looks to state law to determine whether a certain defense is an affirmative

defense under Rule 8(c). Gen. S. Indus., Inc. v. Shub, 300 Fed. Appx. 723, 728 (11th Cir. 2008) (citing Proctor v. Fluor Enters., Inc., 494 F.3d 1337, 1350 (11th Cir. 2007)). Florida law specifically recognizes conditional delivery as an affirmative defense. Fla. Stat. § 673.1051(2); Cockrell v. Taylor, 165 So. 887, 889-90 (Fla. 1936); Felkel v. Abernethy, 150 So. 631, 632 (Fla. 1933) (stating "[t]his court has held that a conditional delivery of a promissory note may be pleaded in defense of an action on the note"); Kehle v. Modansky, 696 So. 2d 493, 494 (Fla. 4th DCA 1997) (stating "conditional delivery [is] affirmative defense[] which must be raised in the pleadings"); Ketchian v. Concannon, 435 So. 2d 394 (Fla. 5th DCA 1983).

The affirmative defense of conditional delivery goes to whether a contract was even formed in the first place. Cockrell, 165 So. at 889-90; Ketchian, 435 So. 2d at 395. Thus, a party pleading this affirmative defense may avail itself of an exception to the parole evidence rule that allows for the admission of oral proof regarding the conditional delivery. Ketchian, 435 So. 2d at 395.

"An affirmative defense not pleaded in the defendant's answer is waived." Gen. S. Indus., 300 Fed. Appx. at 728 (quoting Troxler v. Ownes-Ill., Inc., 717 F.2d 530, 532 (11th

Cir. 1983)); see also Keybank Nat'l Ass'n, 576 Fed. Appx. at 888 (holding party waived affirmative defense by raising such defense in response to motion for summary judgment); Latimer v. Roaring Toyz, Inc., 601 F.3d 1224, 1239 (11th Cir. 2010) (stating "[f]ailure to plead an affirmative defense generally results in a waiver of that defense). Conditional delivery is a defense required to be pled under Rule 8(c). See Mesa Petroleum Co. v. Coniglio, 629 F.2d 1022, 1028 n.3 (5th Cir. 1980) (citing Fed. R. Civ. P. 8(c));[1] cf. Proctor, 494 F.3d at 1351 (stating "wavier becomes less clear when a party fails to assert affirmatively some 'other matter' that pre-existing federal case law has not clearly construed as 'constituting an avoidance or affirmative defense' under Rule 8(c)").

A review of the filings reveals that the parties disagree as to the nature of Crants' affirmative defense. Crants argues Gottlieb & Gottlieb contends that he "failed to plead his affirmative defense of non-performance of a condition precedent." (Doc. # 54 at 5). Gottlieb & Gottlieb argues what it "contended in its Motion was that defendant failed to

---

[1] In Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all decisions rendered by the former Fifth Circuit before the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

assert as an affirmative defense the alleged conditional delivery of the promissory notes at issue." (Doc. # 58 at 4).

Although Crants pled the defense of nonperformance of a condition precedent, he did not plead the affirmative defense of conditional delivery. In addition, as with his general denial in Paragraph 6, Crants did not raise the affirmative defense of conditional delivery in a motion for summary judgment, nor did he seek to amend his Answer. Accordingly, Crants waived the affirmative defense of conditional delivery. See Am. Home Assurance Co. v. RAP Trucking, Inc., No. 09-80020-CIV, 2010 WL 547479, at *6 (S.D. Fla. Feb. 9, 2010) (finding party waived affirmative defense by not specifically pleading it in a responsive pleading, nor amending pleading to cure defect).

### B.  **Promissory Notes**

The Court now turns to whether Gottlieb & Gottlieb is entitled to summary judgment on all 20 Counts, one for each promissory note, brought in its Complaint. A promissory note is a negotiable instrument. Snyder v. JP Morgan Bank, Nat'l Ass'n, 169 So. 3d 1270, 1273 (Fla. 4th DCA 2015) (citing Mazine v. M & I Bank, 67 So. 3d 1129, 1131 (Fla. 1st DCA 2011)). The holder of a negotiable instrument is entitled to enforce said instrument. Fla. Stat. § 673.3011(1).

As to each promissory note, Crants admitted the note is "a true and genuine copy of a promissory note dated [the particular date evidenced on that note], in the amount of [the particular amount evidenced on that note], by defendant [i.e., Crants], as maker, in favor of Gottlieb & Gottlieb . . ., as payee." (Doc. # 35-3 at 53-62). Crants further admitted that each promissory note bears his signature. (Id.). In addition, Crants admitted he executed and delivered the notes in return for his receipt of the value stated on the respective notes. (Id.). On January 27, 2014, Jerry Gottlieb, on behalf of Gottlieb & Gottlieb, demanded payment of the promissory notes. (Doc. ## 2 at 20; 53 at 21, ¶ 9). The promissory notes are now overdue. (Doc. # 53 at 21, ¶ 9).

In his response to Gottlieb & Gottlieb's Motion for Summary Judgment, Crants argues he did not waive the defense of failure of a condition precedent and that evidence relating to an oral condition precedent is admissible at trial. (Doc. # 54). However, as explained, this Court determines Crants is deemed to have admitted Paragraph 6 of Gottlieb & Gottlieb's Complaint and waived the affirmative defense of conditional delivery. Given that Crants' response raises no argument outside the context of the defense of nonperformance of a condition precedent, no genuine issue of material fact

16

exists. Therefore, the Court grants summary judgment in favor of Gottlieb & Gottlieb.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   Gottlieb & Gottlieb, P.A's Motion for Summary Judgment (Doc. # 53) is **GRANTED.**

(2)   Gottlieb & Gottlieb, P.A.'s Motion in limine (Doc. # 59) is **DENIED AS MOOT.**

(3)   The Court awards Gottlieb & Gottlieb, P.A. $1,499,995.89 plus the accrued interest on each of the 20 underlying promissory notes as of the date of the entry of judgment.

(4)   The Clerk is directed to enter judgment in favor of Gottlieb & Gottlieb, P.A. and thereafter **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 2nd day of December, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE