UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GOTTLIEB & GOTTLIEB, P.A.,

    Plaintiff,

v.                            Case No. 8:14-cv-895-T-33MAP

DOCTOR R. CRANTS,

    Defendant.
_____/

**ORDER**

    This matter comes before the Court upon Gottlieb & Gottlieb, P.A.'s Motion for Charging Order (Doc. # 100), filed on November 9, 2016. Defendant Doctor R. Crants failed to respond, nor has he sought an extension of time to do so. Accordingly, the Court considers the Motion unopposed.

    The Court entered judgment in favor of Gottlieb & Gottlieb on January 25, 2016, in the amount of $1,749,191.18. (Doc. # 82). Crants appealed, the Eleventh Circuit affirmed this Court's judgment, and the Eleventh Circuit's mandate was entered on September 14, 2016. (Doc. ## 83, 97-98). At this juncture, Gottlieb & Gottlieb represent that the judgment is unsatisfied, and seeks a charging order against the financial interest of Crants in LCS Holdings, LLC, pursuant to Federal Rule of Civil Procedure 69. (Doc. # 100).

"A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution . . . must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). As this Court is located in Tampa, Florida, Florida state law applies.

Section 605.0503(1) provides:

> On application to a court of competent jurisdiction by a judgment creditor of a member or a transferee, the court may enter a charging order against the transferable interest of the member or transferee for payment of the unsatisfied amount of the judgment with interest. Except as provided in subsection (5), a charging order constitutes a lien upon a judgment debtor's transferable interest and requires the limited liability company to pay over to the judgment creditor a distribution that would otherwise be paid to the judgment debtor.

Fla. Stat. § 605.0503(1). "[A] charging order is the sole and exclusive remedy by which a judgment creditor of a member or member's transferee may satisfy a judgment from the judgment debtor's interest in a limited liability company or rights to distributions from the limited liability company," except as provided by law. Fla. Stat. § 605.0503(3).

Both subject-matter jurisdiction and personal jurisdiction with respect to Crants exist because the parties are completely diverse and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332, and Crants consented to this

Court's exercise of personal jurisdiction, see <u>Oldfield v. Pueblo De Bahia Lora, S.A.</u>, 558 F.3d 1210, 1218 n.21 (11th Cir. 2009); <u>Pardazi v. Cullman Med. Ctr.</u>, 896 F.2d 1313, 1317 (11th Cir. 1990). As jurisdiction exists, the Motion is unopposed, and the relief sought is allowed for by Florida law, the Court grants the Motion. A separate charging order will be entered.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Gottlieb & Gottlieb, P.A.'s Motion for Charging Order (Doc. # 100) is **GRANTED**. A separate charging order will be entered.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>2nd</u> day of December, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE