fUNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GOTTLIEB & GOTTLIEB, P.A.,

       Plaintiff,

v.                                 Case No. 8:14-cv-00895-T-33MAP

DOCTOR R. CRANTS,

       Defendant.

_____/

## <u>REPORT AND RECOMMENDATION</u>

This action stems from Defendant's failure to pay promissory notes (doc. 2). Twenty months after the case was removed to this Court, the district judge granted summary judgment and directed the clerk to enter judgment in favor of Plaintiff and award Plaintiff $1,499,995.89 in damages, plus accrued interest (doc. 63). She found that there was no genuine issue of material fact because Defendant admitted that all conditions precedent had occurred, and also waived his affirmative defense of conditional delivery (doc. 61). Defendant appealed the judgment (doc. 83), but the Eleventh Circuit affirmed the decision (doc. 97). Plaintiff now requests $178,689 in attorneys' fees and $13,266.55 in costs (docs. 67, 105).[1] Defendant concedes Plaintiff's entitlement to fees, but argues the requested amounts are excessive. I must determine whether Plaintiff's fee requests are reasonable.[2] After considering the motion and response, I recommend the district judge award Plaintiff $178,689 in attorneys' fees and $2,759.05 in costs.

_____

[1] This amount includes attorneys' fees incurred on appeal, which the Eleventh Circuit referred to this Court (doc. 99).

[2] The district judge referred the matter to me for a report and recommendation as to the motion's disposition. *See* 28 U.S.C. § 636 and Local Rule 6.01.

*A.   Fees*

Florida follows the "American Rule": Attorney's fees may be awarded by a court only when authorized by statute or by agreement of the parties.[3] *State Farm Fire & Cas. Co. v. Palma*, 629 So. 2d 830, 832 (Fla. 1993).   Here, the twenty promissory notes between the parties supply the authorization:

> If the PAYEE or any holder of this Note is required to engage the services of legal counsel to enforce its rights hereunder, regardless of whether such action results in litigation, the PAYEE shall be entitled to its reasonable attorney's fees and costs from the MAKER, which in the event of litigation shall include fees and costs incurred at trial and on appeal.

(doc. 2 at 22-61).   Plaintiff pled for fees in the Complaint (*id.* at 2-19).   Thus, now that the Court has entered judgment for Plaintiff on the notes, Plaintiff is entitled to collect reasonable attorneys' fees. *Cheek v. McGowan Elec. Supply Co.*, 511 So. 2d 977, 979 (Fla. 1987).

A court should start any attorneys' fees calculation by determining the lodestar, which is the hours reasonably expended by an attorney multiplied by the attorney's reasonable hourly rate. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).   The party seeking fees bears the burden of establishing that its counsel's hours and rate are reasonable.   *Webb v. Bd. of Educ. of Dyer County*, 471 U.S. 234, 242 (1985).   Thus, the applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and supports the number of hours worked and the rate sought.   *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Additionally, "[t]he court … is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either

---

[3] This is a diversity action and it is undisputed that Florida law applies.

2

with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303.

    *1. Rates*

    Plaintiff utilized the services of four attorneys and a paralegal.  The lead attorney, Scott Ilgenfritz, has practiced law for over 30 years, and is a board certified business litigation lawyer (doc. 105 at 26, 59).  He worked on this case alongside two partners at his firm – Darryl Richards (20+ years' experience) and Frank Jakes (20+ years' experience) – as well as associate Sarah Manthey (6 years' experience) and paralegal Debbie Hedrick (*id.* at 27-28).  They billed at these rates:

| Biller | Hourly Rate |
|---|---:|
| Scott Ilgenfritz | $425 |
| Darryl Richards | $350 |
| Frank Jakes | $435 |
| Sarah Manthey | $225 |
| Debbie Hedrick | $175 |

    I note that the requested rates are on the high side of those typically awarded in this district, especially given the nature of the case. *See, e.g., Westlake v. Atl. Recovery Sols., LLC*, No. 8:15-CV-1626-T-33TBM, 2016 WL 279439, at *3 (M.D. Fla. Jan. 22, 2016) ($95 for paralegal services); *Bank of Am., N.A. v. Crofton*, No. 8:14-CV-1558-T-33AEP, 2015 WL 4393873, at *3 (M.D. Fla. July 15, 2015) (awarding $295 hourly rate for an attorney with 13 years' experience and $225 hourly rate for an associate with 5 years' experience in a breach of guaranty case).  However, Defendant concedes the rates are reasonable.  Moreover, Plaintiff's fee expert, Leslie Joughin III, surveyed law firms in Tampa Bay and found that (1) attorneys with similar experience to Mr. Ilgenfritz, Mr. Richards, and Mr. Franks typically billed between $415 and $475 per hour (doc.

3

105 at 59-60), (2) mid-level associate attorneys had an average hourly rate of $250 to $285 (*id.* at

60), and (3) paralegals charge between $120 and $215 per hour (*id*. at 61).  The requested rates are

all within these ranges.  Finally, this Court has previously approved such rates.  *Carlo Bay Enter.,*

*Inc. v. Two Amigo Rest., Inc.*, No. 8:14-CV-1989-T-33TGW, 2015 WL 58664, at *2 (M.D. Fla. Jan.

5, 2015) (approving $425 for lead counsel and $250 for an associate in trademark litigation).

### 2.   *Hours*

Plaintiff breaks down the time billed into the following time categories: hours billed from

the filing of the Complaint through the date of Plaintiff's first fees motion (doc. 93); hours billed on

Plaintiff's opposition to the motion to alter or amend judgment and on Plaintiff's amended motion

for attorneys' fees and costs and the associated reply (doc. 105 at 114-117); and hours spent on the

appeal and on Plaintiff's second amended motion for attorneys' fees (doc. 106).  For ease of

discussion, I merge the first two categories, and analyze Plaintiff's hours billed at the district court

level prior to the appeal and then in the Eleventh Circuit and on remand.

### a.   *time spent prior to appeal*

Plaintiff began investigating this action and preparing the complaint in early March 2014.

Plaintiff filed the complaint in state court and, on April 15, 2014, Defendant removed the case to this

Court (doc. 1).  Over the following seven months, the parties participated in discovery and prepared

to mediate.  In November 2014, the Court stayed the action for six months pending mediation (doc.

25).  After the Court lifted that stay, Plaintiff completed the following tasks: moved to amend the

scheduling order (doc. 32), participated in further discovery, responded to two motions to compel

(docs. 37, 38) and attended a hearing on the motions (doc. 49), moved for summary judgment (doc.

53), replied to the opposition to summary judgment (doc. 58), filed a motion in limine (doc. 59), and

filed two motions to amend or alter the judgment (docs. 65, 71). Plaintiff also moved for fees in

December 2015 (doc. 66). The Court struck that motion as inadequate under *Norman*, and Plaintiff

filed a new motion in January 2016 (doc. 73). After the motion was briefed (and the Court ordered

Plaintiff to reply), the Eleventh Circuit agreed to hear the case (doc. 90). This Court then deferred

ruling on attorneys' fees until the case was remanded to this Court (doc. 96).

Over the roughly seventeen months of active litigation at the district court level, Plaintiff's

attorneys billed the following hours:

| Biller | Hours Billed |
|---|---:|
| Scott Ilgenfritz | 292.6 |
| Darryl Richards | 2.5 |
| Frank Jakes | 0.9 |
| Sarah Manthey | 6.3 |
| Debbie Hedrick | 147.9 |

(doc. 95, doc. 105 at 30).

Defendant argues the hours billed are excessive. First, Defendant posits that, because

summary judgment was awarded on Defendant's waiver of an affirmative defense, Plaintiff could

and should have moved for summary judgment (or judgment on the pleadings) shortly after

Defendant answered the Complaint. Under Defendant's argument, Plaintiff should not be

compensated for any hours litigating a defense that was waived at the time of the answer (July 2015).

Yet, Defendant cites no precedent that supports his argument. Rather, Plaintiff was under no

obligation to file a motion for judgment on the pleadings (or even a motion for summary judgment).

And, as Plaintiff points out, it is not a court's role to "second guess" a party's litigation strategy.

*Hefren v. Murphy Exploration & Prod. Co., USA,* 2015 WL 5123981, at *3 (W.D. La. August 27,

2015) (A party's "strategy and decision-making as it pertains to when and under what circumstances

to file [a summary judgment] motion are not for [the opposing party], or this Court, to question.").

    Defendant next argues that the Court should dock hours due to Plaintiff's lack of detail in

billing records.  Specifically, Defendant points to billing entries such as "prepare e-mail to Mr.

Warnock" and "telephone conference with Mr. Higbee." (doc. 110 at 6).  However, because

Defendant placed time entries into stages of the case (doc 93), the Court can easily ascertain the

subject and necessity of the communications (or other activities) in question.[4]  And, courts in this

district hesitate to reduce hours spent communicating with clients.  *See Sembler Family P'ship No.*

*41, LTD. v. Brinker Fla., Inc.*, No. 8:08-CV-1212-T-24MAP, 2009 WL 3790339, at *2 (M.D. Fla.

Nov. 9, 2009); *Am. Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County*, 278

F. Supp. 2d 1301, 1321 (M.D. Fla. 2003) ("[R]egular communication between counsel and the client

is demanded by the rules of professional conduct" and therefore compensable).  Accordingly, I find

no need to reduce the requested hours based on vagueness.

    Defendant also asks me to strike 6.8 hours of time that Plaintiff's counsel spent traveling to

Nashville to depose Defendant.  Defendant claims that, under Florida law, a court should not award

travel time when a local attorney at the travel destination could have performed the work.  But the

cases Plaintiff cites instead stand for the proposition that travel time should not be awarded when

a party retains non-local counsel (e.g., hires an Orlando lawyer for a case pending in Tampa).  *See*

---

[4] Defendant's assertion that Plaintiff improperly retroactively edited time entries is without merit.
In categorizing time entries into stages of the case, Plaintiff merely followed the dictates of *Norman*
and this Court (doc. 70).

6

*Mandel v. Decorator's Mart, Inc. of Deerfield Beach*, 965 So. 2d 311, 315 (Fla. 4th DCA 2007). And, the 6.8 hours that Plaintiff's attorney spent traveling to Nashville is less time than a Nashville attorney would have spent "getting up to speed" prior to the deposition. I therefore decline to strike the travel time.

Finally, Defendant claims that, under Florida law (specifically, *State Farm Fire & Casualty Co. v. Palma*), the hours Plaintiff spent moving for fees are not compensable. 629 So. 2d at 831-33. In *Palma*, the court dealt with an award of attorneys' fees under Fla. Stat. § 627.428, the purpose of which is to "discourage the contesting of valid claims against insurance companies and to reimburse successful insureds for their attorney's fees when they are compelled to defend or sue to enforce their insurance contracts." *Id.* at 833. The *Palma* panel found that litigating an amount of attorneys fees was outside the scope of the statute. *Id.* Rather, courts should only compensate attorneys for time spent litigating an amount of fees when it is necessary to encourage attorneys to represent indigent clients. *Id.* Some of Florida's appellate courts have found that *Palma*'s holding does not apply to contractual fee provisions. *See, e.g., Waverly at Las Olas Condo. Ass'n, Inc. v. Waverly Las Olas, LLC*, 88 So. 3d 386, 389 (Fla. 4th DCA 2012) (compensating party for hours spent litigating amount of fees when the contractual fee provision provided for an award of fees incurred in litigation); *but see N. Dade Church of God, Inc. v. JM Statewide, Inc.*, 851 So. 2d 194, 196 (Fla. 3d DCA 2003) (reducing fees award by time spent litigating fees amount in mortgage foreclosure action). I agree with those courts that *Palma*'s application is limited to fees awarded by statute. Here, the promissory notes provided that Plaintiff "shall be entitled to its reasonable attorney's fees and costs . . . includ[ing] fees and costs incurred at trial and on appeal" if it is "required to engage the services of legal counsel to enforce its [contractual] rights." (doc. 2 at 22-61). I find this language broad

7

enough to include hours spent litigating the amount of fees.

Overall, I find that Plaintiff has met its burden of showing the hours billed at this stage of the case are reasonable.  Over the roughly seventeen months of litigation at the district court level, Plaintiff averaged less than twenty hours per month of attorney work and less than ten hours per month of paralegal work.  Although the case was simple, Defendant's response to the Complaint and affirmative defenses necessitated investigation and discovery.  Plaintiff's attorneys completed the requisite tasks efficiently, did not duplicate work, and regularly delegated work to a paralegal. Accordingly, as to this stage of the case, I recommend the district judge award Plaintiff all requested hours.

### b.   time spent on appeal and on the present fees motion

During the appeal and final attorneys' fees motion, Plaintiff's counsel expended the following hours:

| Biller | Hours Billed | |
|---|---|---|
| | on appeal | on attorneys' fees |
| Scott Ilgenfritz | 39.6 | 18.6 |
| Debbie Hedrick | 4.7 | 1.2 |

(doc. 106).

Defendant makes the same objections to these fees as those I previously rejected.  And I again find that Plaintiff has shown the hours billed at this stage of the case are reasonable. Plaintiff's attorney efficiently completed the appeal, spending approximately 12 hours on research, 8 hours on mediation, and 17 hours drafting his response brief (*see* doc. 107 at ¶ 26).  Plaintiff also efficiently moved for attorneys' fees.  Accordingly, I recommend the district judge award Plaintiff all requested

hours on this stage of the case.

### 3. Lodestar

I recommend Plaintiff be awarded $178,689 in attorneys' fees:

| Biller | Hours Awarded | Rate | Total Award |
|---|---|---|---|
| Scott Ilgenfritz | 350.8 | $425 | $149,090.00 |
| Darryl Richards | 2.5 | $350 | $875.00 |
| Frank Jakes | 0.9 | $435 | $391.50 |
| Sarah Manthey | 6.3 | $225 | $1,417.50 |
| Debbie Hedrick | 153.8 | $175 | $26,915.00 |
| | | | **$178,689.00** |

### B. Costs

Plaintiff seeks $4,384.05 in costs listed on a bill of costs (doc. 67) and $8,882.50 for fees expert Joughin (docs. 105 at 4; 75; 108). Rule 54(d) provides that costs shall be awarded as a matter of course to the prevailing party as enumerated in 28 U.S.C. § 1920. *United States E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). Section 1920 allows taxation of the following costs: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under 28 U.S.C. § 1828. Under Rule 54, there is a strong presumption in favor of awarding costs. *See Schultz v. Ashcroft*, 174 Fed. App'x 534, 540 (11th Cir. 2006).

First, Plaintiff seeks $413 in filing fees (doc. 67 at 1). This cost is within the ambit of § 1920(1). Plaintiff also seeks $2,281.05 in transcript fees; that cost is taxable under § 1920(2). Next, Plaintiff seeks a $90 service fee. "It is well settled that costs for having a private process server serve . . . subpoenas are compensable to the extent the private process server's fees are limited to the fees authorized in 28 U.S.C. § 1921." *Magaldi v. Safeco Ins. Co. of Am.*, 2009 WL 1851102, at * 6 (S.D. Fla. June 29, 2009). That statutory fee is $65 per hour. *See* 28 U.S.C. § 1921; 28 C.F.R. § 0.114(a)(3); 78 Fed. Reg. 59817-01 (Sept. 30, 2013). Accordingly, the invoice should be reduced to $65. As to mediation, it is "well settled within the Middle District of Florida that costs associated with mediation, even court ordered mediation, are not recoverable." *Medallion Homes Gulf Coast, Inc. v. Tivoli Homes of Sarasota, Inc.*, No. 8:14-CV-3117-T-33JSS, 2016 WL 5870215, at *4 (M.D. Fla. Oct. 7, 2016) (*quoting Gomez v. Smith*, No. 8:13-cv-3185-T-33AEP, 2015 WL 5135772 (M.D. Fla. Sept. 1, 2015)). Therefore, I decline to award the $1,600 mediator expense. Finally, I find that Mr. Joughin's fees are not recoverable. *See Tiara Condo. Ass'n, Inc. v. Marsh USA, Inc.*, 697 F. Supp. 2d 1349, 1371 (S.D. Fla. 2010) ("Section 1920(6) clearly states that only costs for court appointed experts may be taxed.").

Accordingly, I recommend the district judge tax $2,759.05 in costs.

*C. Conclusion*

For the reasons stated, I RECOMMEND:

    1.   Plaintiff's second amended motion for attorneys' fees (doc. 105) be GRANTED to the extent that Plaintiff be awarded $178,689 in attorneys' fees and $2,759.05 in costs.

    IT IS SO REPORTED in Tampa, Florida on April 10, 2017.


                                               _____
                                             MARK A. PIZZO
                                             UNITED STATES MAGISTRATE JUDGE


## NOTICE TO PARTIES

    A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.